**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David D. EVERIST, Defendant–**
**Appellant.**

No. 09–30314.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Douglas W. Fong, Assistant U.S., USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

David D. Everist, Jacksonville, OR, pro se.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

David D. Everist appeals pro se from the conviction and fine imposed for leaving refuse, debris, and litter on U.S. Forest

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Service property, in violation of 36 C.F.R. § 261.11(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Everist contends that the district court erred by denying his motion to dismiss because the Forest Service lacks jurisdiction to regulate the use of his land. The district court did not err because the Forest Service properly acted within its authority to regulate the surface use of forest lands. *See United States v. Goldfield Deep Mines Co. of Nev.,* 644 F.2d 1307, 1309 (9th Cir.1981); *see also* 16 U.S.C. §§ 478, 551.

Everist also contends that he is entitled to just compensation because the regulation amounted to a regulatory taking. The record reflects that no constitutional taking occurred. *See Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 538–39, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.